IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LARRY MARK POLSKY, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:16-cv-299 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
|    Defendant. | § | |

## NOTICE OF REMOVAL

Defendant The Lincoln National Life Insurance Company ("Lincoln National") files this notice of removal and states:

**1.** **The Lawsuit.** This action was filed on October 25, 2016 in the County Court at Law No. 3 of Cameron County, Texas, being numbered 2016-CCL-01095 on the docket of said court and being a suit by Plaintiff Larry Mark Polsky ("Polsky") for damages and extra-contractual damages arising out of the payment of the premiums under a life insurance policy (the "Policy") Lincoln National issued to him.

**2.** **Diversity Jurisdiction.** Complete diversity of citizenship exists between Polsky and Lincoln National, as they are citizens of different states. Polsky was a citizen of Texas, both at the time this action was filed and as of the date of this removal. Lincoln National is an Indiana corporation with its principal office and place of business in Radnor, Pennsylvania, both at the time this action was filed and as of the date of this removal. Lincoln National thus was and is a citizen of Indiana and Pennsylvania and is not a citizen of Texas.

The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. In Plaintiff's Original Complaint (the "Complaint"), Polsky asserts claims against

**NOTICE OF REMOVAL** – Page 1

Lincoln National for violations of the Texas Deceptive Trade Practices Act (the "DTPA"), fraud, and declaratory judgment, and he seeks to recover economic damages, damages for physical pain and suffering and past and future mental anguish, treble damages under the DTPA, and exemplary damages.[1]  Polsky also alleges that Lincoln National's conduct was committed "knowingly" and "intentionally," which potentially entitles him, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), to recover damages for mental anguish of up to three times the amount of his economic damages, which he calculates as at least $63,571.92.[2]  In addition, Exhibit C to the Complaint is a copy of Polsky's pre-suit demand letter dated October 20, 2014, which demands the sum of $83,100.00 and must be taken into account in ascertaining the amount in controversy.[3]

In the Complaint, Polsky alleges that he "has suffered total damages in the amount of $70,000" and "total damages of $73,571.92."[4]  Those allegations, however, do not prevent Lincoln National from removing this action.  The Fifth Circuit has recognized that the amount-in-controversy inquiry "does not end merely because the plaintiff alleges damages below the threshold."[5]  Polsky has not filed a binding affidavit or stipulation that his hoped-for recovery

---

[1] Complaint, ¶¶ 11-27.  With respect to his DTPA claim, Polsky alleges that he has suffered "mental anguish, … depression, intense feelings of humiliation, frustration, powerlessness, belittlement, an abnormal sense of inferiority with accompanying sleepless nights, loss of appetite and excessive weight loss."  Complaint, ¶ 18.
[2] Complaint, ¶ 25.
[3] *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (considering the plaintiff's DTPA demand letter in ascertaining the amount in controversy); *see also St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir. 1998) (considering demand letters from an insured's attorney in determining the existence of diversity jurisdiction); *Molina v. Wal-Mart Stores Texas, L.P.,* 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (observing that demand letters "may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000"); *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995) (noting that settlement letters are compelling evidence of the amount in controversy); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (stating that a settlement letter is valuable evidence of the amount in controversy).
[4] Complaint, ¶¶ 17, 18, 25.
[5] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995).

**NOTICE OF REMOVAL** – Page 2

(including all of the elements of damages described above) does not exceed $75,000.00, which confirms that the requisite amount is in controversy.[6]

All told, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed by Lincoln National pursuant to 28 U.S.C. § 1441(b).  Venue is proper in this Court under 28 U.S.C. § 1441(a), as this action was pending in a state court within this district and division.

3. **State Court Documents Attached.**  Lincoln National received the Citation and a copy of the Complaint on November 4, 2016, which is the first time Lincoln National received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.  As such, this removal is timely under 28 U.S.C. § 1446(b). Attached hereto as Exhibit A are true and correct copies of the only process, pleadings, or orders received or filed by Lincoln National in this action, and this exhibit includes all of the documents that were in the state court's file as of the filing of this removal.  Attached hereto as Exhibit B is a true and correct copy of the state court docket sheet.

4. **Index of Matters Being Filed.**  Attached hereto as Exhibit C is a true and correct copy of the Index of Matters Being Filed.

5. **List of Counsel and Parties.**  Attached hereto as Exhibit D is a true and correct copy of the List of Counsel and Parties.

6. **Civil Cover Sheet.**  Attached hereto as Exhibit E is a true and correct copy of the Civil Cover Sheet.

---

[6] *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867, 874 (5th Cir. 2002) (finding the requisite amount in controversy, even though the plaintiffs alleged that their claims for "compensatory damages" were "less than $74,999.00," when their claim for attorney's fees was taken into account), *cert. denied*, 538 U.S. 954 (2003); *De Aguilar*, 47 F.3d at 1412 (observing that, in the absence of a state statute prohibiting the recovery of damages in excess of the amount pled for, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints").

7. **Relief Requested.**  Lincoln National respectfully requests that the United States District Court for the Southern District of Texas, Brownsville Division, accept this notice of removal and that it assume jurisdiction of this action and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the final trial hereof.

Respectfully submitted,

FIGARI + DAVENPORT, LLP

By:  /s/ Andrew C. Whitaker
      Andrew C. Whitaker
      State Bar No. 21273600
      andrew.whitaker@figdav.com

901 Main Street, Suite 3400
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent by email and certified mail, return receipt requested, to Mr. Larry Mark Polsky, Law Office of Larry Mark Polsky, 5508 Padre Boulevard, Suite A, South Padre Island, Texas 78597, on this 18th day of November, 2016.

/s/ Andrew C. Whitaker
Andrew C. Whitaker